UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:20-cv-00067-MR

| THOMAS DAVID HUGHES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| CHRISTOPHER WARD, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Also pending before the Court are Plaintiff's Motion for Court Appointed Counsel [Doc. 9] and Plaintiff's Motion to Appoint U.S. Marshal to Serve Summons [Doc. 10]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

## I. BACKGROUND

Pro se Plaintiff Thomas David Hughes ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Central Prison in Raleigh, North Carolina. He filed this action on May 26, 2020, pursuant to 42 U.S.C. § 1983, naming as Defendants Christopher Ward and FNU Fox, both identified as Sheriff's Deputies with the Watauga County Sheriff's Office.

[Doc. 1 at 3]. Plaintiff alleges that, on March 19, 2010 at approximately 7:00 to 8:30 p.m., Plaintiff was a pre-trial detainee at the Watauga County Detention Center and in the process of being wrongfully transferred to Central Prison. [Doc. 1-1 at 1]. Plaintiff claims that, after he demanded to see the safekeeping order supporting his transfer and for Defendants to identify themselves by first name, Defendants gratuitously beat him as more specifically described in the Complaint. Plaintiff claims that Defendants' conduct constituted a violation of his rights under the Fifth, Eighth and Fourteenth Amendments. [Doc. 1-1 at 2]. Plaintiff sues them in their individual and official capacities.

For injuries, Plaintiff claims that he suffered physical and psychological harm as a result of Defendants' conduct. [Id. at 2-3]. Plaintiff seeks monetary damages. [Id. at 4].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails

to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Here, Plaintiff claims that his rights under the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated by Defendants. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, and protects prisoners from

3

the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). Because Plaintiff was a pretrial detainee, however, his excessive force claim is properly brought under the Fourteenth Amendment, rather than the Eighth Amendment. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 2475 (2015) (holding that the test for excessive force claims brought by pretrial detainees under the Fourteenth Amendment differs from the test for excessive force claims brought by convicted prisoners under the Eighth Amendment). Under the Fourteenth Amendment, a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable in order to demonstrate that it was excessive in violation of the Fourteenth Amendment's Due Process Clause. Id. at 2473.

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, he has stated a claim against Defendants Ward and Fox in their individual capacities only based on the use of excessive force. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20, 105 S. Ct. 2427, 2433-34 (1985) (discussing same). The claims against Defendants in their official capacities, therefore, will be dismissed.

Plaintiff, however, fails to allege any facts in support of a claim for violation of the Fifth Amendment. The Court, therefore, will dismiss Plaintiff's claim under the Fifth Amendment.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

In support of his motion to appoint counsel, Plaintiff states, among other things, that he does not have access to a law library; that he "requires extensive documentary discovery" and access to witnesses; that his incarcerated status "hinders [his] ability to investigate the facts;" and that he "has reasons to expect the facts to be strongly disputed by the defense counsel." [Doc. 9]. A plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

## V. MOTION FOR SERVICE BY U.S. MARSHAL

Plaintiff also moves pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure for the Court to appoint a U.S. Marshal "to serve summons to Christopher Ward and Logan Fox." [Doc. 10]. Plaintiff's motion is both premature and unnecessary. Plaintiff filed the motion before his Complaint

5

Case 5:20-cv-00067-MR   Document 12   Filed 08/19/20   Page 5 of 7

survived initial review. It is, therefore, premature for Plaintiff to request assistance with service. Furthermore, given the Court's Order on initial review allowing certain claims to proceed against Defendants Ward and Fox, the Court orders the Clerk to direct the U.S. Marshal to effectuate service on Defendants once Plaintiff has supplied the necessary information, in any event. The Court will therefore deny Plaintiff's motion without prejudice.

## VI. CONCLUSION

For the foregoing reasons, the Court concludes that the Plaintiff's claims against Defendants Ward and Fox in their individual capacities based on the use of excessive force under the Eighth and Fourteenth Amendment survives initial review. Plaintiff's claim based on violation of the Fifth Amendment will be dismissed. 28 U.S.C. §§ 1915(e) and 1915A.

### **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] survives initial review as to Plaintiff's claims against Defendants in their individual capacities based on violations of the Eighth and Fourteenth Amendments. Plaintiff's claims based on violation of the Fifth Amendment and Plaintiff's claims against Defendants in their official capacities are hereby dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [Doc. 9] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint US Marshal to Serve Summons [Doc. 10] is **DENIED WITHOUT PREJUDICE**.

The Clerk of Court is instructed to mail two (2) blank summonses to Plaintiff to fill out and identify Defendants Christopher Ward and FNU Fox for service of process, and then return the summonses to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendants. As the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon Defendants.

**IT IS SO ORDERED**.

Signed: August 19, 2020

Martin Reidinger
Chief United States District Judge